IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BEN HINMAN, individually,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>ISLAND VIEW ACADEMY; and PROVO CANYON SCHOOL,<br><br>　　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>Case No. 1:14cv00015<br><br>District Judge David Nuffer |

Plaintiff Ben Hinman (Hinman) claims negligence and breach of fiduciary duties by Island View Academy (Island View) and Provo Canyon School (Provo Canyon). Island View filed a Motion to Dismiss or in the alternative a Motion for Summary Judgment.[1] Island View's motion was filed in the alternative and stated "it should be treated as a motion for summary judgement"[2] because it presented matters outside the pleadings. Accordingly, Hinman was on notice that he should "present all the material that is pertinent" to a motion for summary judgment.[3] Because the matters outside the pleadings were not excluded by the court, Island View's motion will "be treated as one for summary judgment."[4] Provo Canyon filed a separate

---

[1] Defendant Island View Academy's Motion to Dismiss, or Alternative Motion for Summary Judgment, with Incorporated Supporting Memorandum (Island View's Motion), docket no. 15, filed March 26, 2014.

[2] *Id.* at 1.

[3] Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

[4] *Id.*

Motion for Summary Judgment.[5] Hinman's Memoranda in Opposition to both motions were nearly identical.[6]

Defendants' motions are GRANTED because the statute of limitation bars Hinman's claims against both parties. Since the analysis for resolution of both motions is identical, the motions will be addressed collectively in this order.

BACKGROUND .................................................................................................................. 2
JURISDICTION ................................................................................................................. 3
UNDISPUTED FACTS ..................................................................................................... 3
DISCUSSION ..................................................................................................................... 7
    I.    Standard for Summary Judgment.............................................................. 7
    II.   Island View and Provo Canyon Properly Support Their Motions for Summary Judgment and Hinman Fails to Show There is a Genuine Issue of Material Fact .. 8
        i.    According to the UHCMA, Island View and Provo Canyon are health care providers. ............................................................................................... 8
        ii.   Hinman failed to bring this action against Island View and Provo Canyon within UHCMA's two-year statute of limitations. ........................ 9
        iii.  Hinman does not substantiate his assertion that both he and his parents did not consider Island View and Provo Canyon to be health care providers at the time of his admission............................................... 9
CONCLUSION................................................................................................................. 11
ORDER ............................................................................................................................. 12

## BACKGROUND

As a minor, Hinman resided first at Island View and then Provo Canyon. At both Island View and Provo Canyon he received treatment for emotional and psychological issues. Hinman reached majority on February 18, 2010. He brought this suit on February 18, 2014.[7] Hinman claims Island View and Provo Canyon were negligent in their care and breached their fiduciary

---

[5] Provo Canyon School's Motion for Summary judgment, with Incorporated Supporting Memorandum (Provo Canyon's Motion), docket no. 20, filed April 4, 2014.

[6] Compare Opposition to Defendant Island View Academy's Motion to Dismiss or For Summary Judgment (Opposition to Island View's Motion), docket no. 17, filed April 28, 2014, with Plaintiff's Opposition to Defendant Provo Canyon School's Motion for Summary Judgment (Opposition to Provo Canyon's Motion), docket no. 23, filed July 14, 2014.

[7] Complaint for Negligence and Breach of Fiduciary Duty (Complaint), docket no. 3, filed February 18, 2014.

duties while he resided in their facilities. Island View and Provo Canyon moved for summary judgment on the basis that the statute of limitation bars Hinman's claims.

## JURISDICTION

Island View and Provo Canyon are both located in Utah.[8] Hinman is a citizen of California.[9] Jurisdiction, therefore, is proper in this court based on diversity of citizenship.[10] Hinman's claims arose in Utah,[11] and he has chosen to bring them in a Utah forum. Utah law applies.[12]

## UNDISPUTED FACTS[13]

1. Plaintiff Hinman was admitted to Island View on November 13, 2007, and discharged on June 17, 2008.[14]

2. During his Island View admission, Plaintiff Hinman's attending psychiatrist was Richard L. Jackson, M.D.[15]

3. Additionally, during his Island View admission, Plaintiff Hinman received care from the following providers: Jared Balmer, M.F.T.; Rebecca Harris Basso, R.N.; Frankie Lynn Davis, A.P.R.N.; Jody Lynn Fowers, A.P.R.N.; Matthew James Gardiner, M.D.; Jennifer Lynn

---

[8] Island View's Motion at 3; Provo Canyon's Motion at 6.

[9] Complaint at 2.

[10] 28 U.S.C. § 1332 (2014).

[11] *See* Complaint at 2.

[12] *See Hargett v. Limberg*, 801 F.2d 368, 370 (10th Cir. 1986).

[13] Hinman failed to dispute these facts in either the Opposition to Island View's Motion or the Opposition to Provo Canyon's Motion. Under DUCivR 56-1(c)(3) "the movant's statement of material facts will be deemed admitted unless specifically controverted by the statement of the opposing party identifying and citing to material facts of record meeting the requirements of Fed. R. Civ. P. 56."

[14] Island View's Motion at 5.

[15] *Id.*

Selent, M.F.T. intern; Melissa Stephens, M.S., M.F.T. intern. During that time, all of those providers were validly licensed to practice, in their respective professions, by the State of Utah.[16]

4. Hinman's care at Island View included treatment with psychotropic medications, prescribed and monitored by Dr. Jackson and other licensed prescribers including Dr. Gardiner, Frankie Lynn Davis, A.P.R.N., and Jody Lynn Fowers, A.P.R.N.[17]

5. Hinman's Island View care also included individual and family therapy, mainly via primary therapist Melissa Stephens, M.S., M.F.T. intern. He also received group therapy, and at all times was treated in Island View's milieu therapy system.[18]

6. During Hinman's Island View admission, Island View was accredited by the Joint Commission on Accreditation of Healthcare Organization.[19]

7. During Hinman's Island View admission, Island View was licensed, by the State of Utah Department of Human Services, as an intermediate secure care facility for juveniles.[20]

8. During Hinman's Island View admission, Island View was licensed, by the State of Utah Department of Human Services, as an intermediate secure care facility for juveniles.[21]

9. Hinman was admitted to Provo Canyon on January 22, 2009, and discharged December 31, 2009.[22]

---

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.* at 6.

[21] *Id.*

[22] Provo Canyon's Motion at 7.

10. During Hinman's admission, Provo Canyon was licensed by the Utah Department of Human Services (DHS), as a provider of "Intermediate Secure Care for 130 male youth clients ages 13–17 years old."[23]

11. To maintain its DHS license, Provo Canyon had to satisfy periodic Utah DHS reviews. For the review cycle relevant to Plaintiff's residence at PCS, DHS found that PCS had satisfied its many requirements pursuant to Utah Admin. Code R501-16 *et seq.*, including but not limited to:

   a. Maintain its purpose of "offer[ing] room and board and provide[] for or arrange[] for the provision of specialized treatment, rehabilitation or habilitation services. In intermediate secure treatment, each is assisted in acquiring the social and behavioral skills necessary for living in the community;"

   b. "[H]ave all direct care staff maintain first aid and CPR certification;"

   c. Professional staff, including required staff with the following training: "a licensed physician," "a licensed psychologist," "a licensed mental health therapist," and "a licensed registered nurse."

   d. "Unlicensed staff who are trained to work with youth who are chemically dependent or emotionally or behaviorally disturbed or conduct disordered work under the supervision of a licensed clinical professional;"

   e. Treatment plans reviewed and signed by a licensed clinical professional;

   f. Provide prescription medication as prescribed by a licensed medical professional;

   g. Program staff assistance with self-administration of medication, as well as a record of medication, including time, dosage, and effects of medication;

---

[23] *Id.* at 2.

      h.    Therapy provided to each resident, including at a minimum one individual weekly therapy session, one weekly group therapy session, and one monthly family or couple therapy session, unless the treatment plan specifies otherwise.[24]

12.    During his admission to Provo Canyon, Hinman's admitting psychiatrist was Delbert Pearson, M.D.[25]

13.    Additionally, during his Provo Canyon admission, Hinman received care from the following providers: Wade Taylor, L.M.F.T.; Barry Stone, PA.C, R.N.; Phillip Cox, C.T.R.S.; Nicole Bernard, T.R.I.; Shannon Nelson, T.R.S., C.T.R.S.; Susan Peterson, C.P.G.; James Tekulve Martial-Vann, M.F.T.I., C.F.L.E.; and David H. Ridley, M.F.T.I. During that time, all of these providers were validly licensed to practice, in their respective professions, by the State of Utah.[26]

14.    Hinman's care at Provo Canyon included treatment with psychotropic medications, prescribed and monitored by Dr. Pearson and other licensed prescribers including P.A. Stone.[27]

15.    Hinman's care also included individual, family, and group therapy, with Hinman's primary therapist Wade Taylor, L.M.F.T.[28]

16.    During Hinman's admission, Provo Canyon was accredited by the Joint Commission on Accreditation of Healthcare Organization.[29]

---

[24] *Id.* at 3–4.

[25] *Id.* at 4.

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.* at 5.

6

17.     Hinman's birthdate is on February 18, 1992.[30]

18.     Hinman turned eighteen years old on February 18, 2010.[31]

19.     Hinman filed his complaint in this Court on February 18, 2014, four years after he turned eighteen.[32]

## DISCUSSION

### I. Standard for Summary Judgment

Summary judgment is proper if the moving party can demonstrate that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.[33] The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.[34] To show that no genuine issue of material fact exists, the moving party has the initial burden of production to establish that summary judgment is appropriate as a matter of law.[35] "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial."[36] "An issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[37] On summary judgment

---

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *See* Fed. R. Civ. P. 56(a).

[34] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[35] *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008).

[36] *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002).

[37] *Id.* at 972 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

the court views the evidence and draws inferences in the light most favorable to the non-moving party.[38]

## II. Island View and Provo Canyon Properly Support Their Motions for Summary Judgment and Hinman Fails to Show There is a Genuine Issue of Material Fact

Island View and Provo Canyon argue they have met their burden for summary judgment by showing there is no genuine issue of material fact concerning their statuses as health care providers and no genuine issue of material fact that the statute of limitations bars Hinman's claims under the Utah Health Care Malpractice Act (UHCMA).

### i. According to the UHCMA, Island View and Provo Canyon are health care providers.

In relevant part, Utah Code Ann. § 78B-3-403(12) defines a health care provider as a

> partnership, association, corporation, or other facility or institution who causes to be rendered or who renders health care or professional services as a hospital, health care facility, physician, registered nurse . . . clinical social worker, certified social worker, social service worker, marriage and family counselor, . . . or others rendering similar care and services relating to or arising out of the health needs of persons or groups of persons.

In *Platts v. Parents Helping Parents* the court held that "[a]ll those identified in the statute are 'health care providers.'"[39] Both Island View and Provo Canyon are facilities that employed physicians, registered nurses, and marriage and family counselors in treating Hinman.[40] Hinman provides no evidence to the contrary. Accordingly, Island View and Provo Canyon are health care providers.

---

[38] *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[39] *Platts v. Parents Helping Parents*, 947 P.2d 658, 663 (Utah 1997).

[40] *See* Exhibit 1: Declaration of David G. Hans, Psy.D., In Support of Defendant Island View Academy's Motion to Dismiss at ¶ 5, attached as exhibit 1 to Island View's Motion, docket no. 15-1; Psychiatric Evaluation at 5, attached as exhibit 2 to Provo Canyon's Motion, docket no. 20-2.

 

     **ii.    Hinman failed to bring this action against Island View and Provo Canyon within UHCMA's two-year statute of limitations.**

Utah Code 78B-3-404 states that "[a] malpractice action against a health care provider shall be commenced within two years after the plaintiff or patient discovers, or through the use of reasonable diligence should have discovered the injury."

Even though Utah Code 78B-2-108[41] afforded Hinman an extension while he was a minor, once he reached majority at age eighteen, the statute of limitations began running.[42] Hinman turned eighteen February 18, 2010.[43] This action was brought February 18, 2014,[44] two years after the statute of limitations expired. Thus, Hinman failed to timely file suit.

     **iii.    Hinman does not substantiate his assertion that both he and his parents did not consider Island View and Provo Canyon to be health care providers at the time of his admission.**

Hinman states that he "had no idea that Island view [and Provo Canyon] could market itself as an academy [or school] and then defend itself as a medical clinic. He did not know and could not know that he would ever be subject to the limitations of a medical malpractice suit."[45] Apparently, his argument is that the statute of limitations should be tolled based on equitable estoppel for legal ignorance. This is misguided. "Mere ignorance of the existence of a cause of action will neither prevent the running of the statute of limitations nor excuse a plaintiff's failure to file a claim within the relevant statutory period."[46]

---

[41] "During the time the person is underage or incompetent, the statute of limitations for a cause of action other than for the recovery of real property may not run."

[42] *See Nelson v. Salt Lake City*, 919 P.2d 568, 572 (Utah 1996).

[43] Provo Canyon's Motion at 5.

[44] *Id.*

[45] Opposition to Island View's Motion at 9; Opposition to Provo Canyon's Motion at 9.

[46] *Russell Packard Dev., Inc. v. Carson*, 108 P.3d 741, 746 (Utah 2005).

Hinman also attempts to toll the statute of limitations by way of the "concealment version of the discovery rule,"[47] "fraudulent concealment,"[48] and "exceptional circumstances."[49] These are among the "narrow settings" or "limited" circumstances in which a limitations period may be tolled.[50] Once the defense has proven that the filing is untimely, it then becomes the plaintiff's burden to prove that tolling applies.[51] Hinman has conceded that the complaint was filed after the UHCMA's two-year statute of limitation,[52] but has provided no evidence to prove tolling applies.

### iv. UHCMA applies, notwithstanding Hinman's argument that his claims are not related to medical malpractice.

Hinman argues Island View's and Provo Canyon's services should be partitioned into two separate and distinct roles: school and health care provider.[53] He then argues that his claims only involve the school side of each facility.[54] This argument is nearly identical to one made by the plaintiff in *Smith v. Four Corners Mental Health Center Inc.*[55] There the plaintiff attempted to separate Four Corners' role as a health care provider from its foster care services. The court first cited the UHCMA's provision that defines a malpractice action as "any action against a health care provider, whether in contract, tort, breach of warranty, wrongful death, or otherwise, based on alleged personal injuries *relating to or arising out of* health care rendered or which

---

[47] Opposition to Island View's Motion at 9–11; Opposition to Provo Canyon's Motion at 9–10.

[48] Opposition to Island View's Motion at 10; Opposition to Provo Canyon's Motion at 10.

[49] Opposition to Island View's Motion at 10; Opposition to Provo Canyon's Motion at 10.

[50] *Russell Packard Dev., Inc.*, 108 P.3d at 746–47.

[51] *Id.* at 748.

[52] *See* Opposition to Island View's Motion at 2 ("Hinman does not contest that his case was filled more than two years after he reached majority.").

[53] Island View's Motion at 4–5; Provo Canyon's Motion at 3–4.

[54] Island View's Motion at 4–5; Provo Canyon's Motion at 3–4.

[55] 70 P.3d 904 (Utah 2003).

should have been rendered by the health care provider."[56] The court determined that the foster care services were part of Four Corners' role as a health care provider, i.e., that the foster care claims "relat[ed] to or ar[ose] out of health care rendered" by Four Corners.[57]

Similarly, Hinman's broad claims relate to and arose out of the health care Island View and Provo Canyon provided. Indeed, in the e-mail included in the Opposition to Island View's motion from Hinman to his counsel, Hinman goes on for some length about Island View's health care choices and how they relate to the causes of action.[58]

## CONCLUSION

The undisputed facts show Island View and Provo Canyon are health care providers. Therefore, claims brought against them are subject to the UHCMA. The undisputed facts also show Hinman failed to bring this suit before the UHCMA's statute of limitation expired.

---

[56] *Id.* at 913.

[57] *Id.* at 914.

[58] Opposition to Island View's Motion at 7 ("Any logical person can see that putting a bunch of angry prepubescent teens in one place together is a recipe for disaster, however in Island View they operate on a different logic. When a medication does not work, they don't take you off it. They place you on more, to 'balance it out.'").

## ORDER

IT IS HEREBY ORDERED that Defendant Island View Academy's Alternative Motion for Summary Judgment[59] and Provo Canyon School's Motion for Summary judgment[60] are GRANTED. The clerk is directed to close this case.

Dated May 13, 2015.

BY THE COURT:

David Nuffer
United States District Judge

---

[59] [Docket no. 15](#), filed March 26, 2014.

[60] [Docket no. 20](#), filed April 4, 2014.